ORIGINAL

# In the United States Court of Federal Claims

No. 13-67C

(Filed: June 19, 2013)

(NOT TO BE PUBLISHED)

FILED
JUN 1 9 2013
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
)
STEPHAN M. MOORER,                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )
                                  )
UNITED STATES,                    )
                                  )
            Defendant.            )
                                  )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Stephan M. Moorer, *pro se*, Florence, Colorado.

Kenneth D. Woodrow, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Stuart F. Delery, Acting Assistant Attorney General, and Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Stephan M. Moorer, requests monetary damages in the amount of $199,999,998.00 for alleged breach of fiduciary duty by the United States Department of the Treasury. Compl. at 7. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").

## BACKGROUND[1]

Mr. Moorer's complaint arises from criminal proceedings against him in the Superior Court for the District of Columbia in 1999. Compl. ¶ 1.[2] He alleges that a bond was set for $99,999,999 in connection with those proceedings and he was to serve a prison term, or alternatively, pay this amount. *Id.* Mr. Moorer bases his allegation on a case summary from his criminal proceedings indicating "Bond: DK" and "Amt: 99,999,999." *See id.*, Ex. 1, Part A (D.C. Superior Court Case Summary).[3] Because Mr. Moorer remained in custody, no bond was ever issued and no bond fee was ever assessed. Compl., Ex. 2 at 3 (Aug. 1, 2011 Response to Administrative Remedy Request). Mr. Moorer nonetheless asserts his belief that he owed the United States $99,999,999 as an alternative to incarceration. Compl. ¶ 1. To discharge the purported obligation, he alleges that in March 2011, he deposited with the Treasury a "6 year secured bond" for double the amount of the so-called obligation. Compl. ¶ 2. He also claims that this money was to be considered gross income and to become his property "subsequent to the formal discharge." *Id.* ¶ 1. Mr. Moorer now requests $199,999,998.00 in compensation for the "secured bond" he allegedly deposited with the Treasury to discharge his obligation or, in the alternative, an "equitable adjustment of accounts." *Id.* at 7-8.

The government contends that the court does not possess subject matter jurisdiction because Mr. Moorer has failed to establish a basis for his claim in a money-mandating source of law, such as a contract, statute, or constitutional provision. Def.'s Mot. at 6. The government also argues that Mr. Moorer has failed to state a claim because the documents Mr. Moorer references in his complaint indicate that he never owed the government money as a result of his prior criminal proceedings. *Id.* at 8-9.

## ANALYSIS

### *Standard for Decision*

Before a court may proceed to the merits of a case, it "must satisfy itself that it has jurisdiction to hear and decide" the case. *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002) (internal quotation marks omitted)). In considering a motion to dismiss for lack of subject matter

---

[1]This statement of the circumstances relating to Mr. Moorer's claim is taken from the complaint and the parties' briefs related to the government's motion to dismiss.

[2]Records appended to Mr. Moorer's complaint indicate that he was convicted in Superior Court for carrying a pistol without a license and for unarmed manslaughter, and that he is serving a sentence of eight to thirty years imprisonment. Compl. Ex. 1, Part B (Sentence Monitoring Computation Data).

[3]"DK" indicates "Dock (Lock up)" as bond status, *see* Def.'s Mot. to Dismiss ("Def.'s Mot."), App. at 2 (Motion Summary), meaning the defendant remained in custody and was not released on bond.

jurisdiction under RCFC 12(b)(1), the court will ordinarily construe the allegations of the complaint favorably to the pleader. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1985)). Nonetheless, the burden of establishing the court's jurisdiction rests with the party seeing to invoke it, *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), and this burden must be satisfied by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748.[4]

*Subject Matter Jurisdiction*

Under the Tucker Act, this court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is a jurisdictional statute and does not create a substantive right to relief. *See United States v. Testan*, 424 U.S. 392, 398 (1976). To bring suit under the Tucker Act, a plaintiff must find a substantive right in another source of law. *See United States v. Mitchell*, 463 U.S. 206, 216 (1983). Generally, the Tucker Act waives the government's sovereign immunity only with respect to claims derived from a money-mandating source of law. *Id.* Therefore, to establish that this court has subject matter jurisdiction under the Tucker Act, Mr. Moorer must identify and allege facts supporting a claim under an independent, substantive source of law that "can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment for the damages sustained." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quoting *Mitchell*, 463 U.S. at 217).

A contract with the United States can constitute a money-mandating source of law. *See Holmes v. United States*, 657 F.3d 1303, 1314 (Fed. Cir. 2011). To make a claim based upon contract, the plaintiff must plead the requirements of a valid contract, providing non-frivolous allegations of "mutual intent to contract[,] including an offer and acceptance, consideration, and a [g]overnment representative who had actual authority to bind the [g]overnment." *California Fed. Bank, FSB v. United States*, 245 F.3d 1342, 1346 (Fed. Cir. 2001) (quoting *Massie v. United States*, 166 F.3d 1184, 1188 (Fed. Cir. 1999)); *see also Aboo v. United States*, 86 Fed. Cl. 618, 626 (2009), *aff'd*, 347 Fed. Appx. 581 (Fed. Cir. 2009). A claiming plaintiff "must proffer objective evidence demonstrating the existence of an offer and a reciprocal acceptance." *American Fed. Bank, FSB v. United States*, 62 Fed. Cl. 185, 194 (2004).

---

[4] The submissions of *pro se* litigants, such as Mr. Moorer, are held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). However, this relaxed standard "does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004). Like all plaintiffs, a *pro se* plaintiff must establish the court's jurisdiction "by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

Mr. Moorer does not adequately allege mutual intent to contract in his complaint. He claims he deposited a $199,999,998 bond with the Treasury as a consequence of proceedings related to criminal charges against him. Compl. ¶ 2. Putting aside the plausibility of this allegation, at most this averment constitutes an offer, but it does not demonstrate acceptance by the government. Mr. Moorer does not contend that a governmental officer received such a deposit with intent to accept it for the purpose of releasing Mr. Moorer from any obligation he had to the government. Indeed, exhibits that Mr. Moorer includes with his complaint indicate that he did not in fact deposit money or a bond with the Treasury. *See* Compl., Ex. 6 (IRS correspondence). Rather, these exhibits reflect routine acknowledgements by the IRS of taxpayer communications. *Id.* In short, Mr. Moorer fails to point to any contract or other money-mandating source of law that might support a claim by him, and this court consequently does not have jurisdiction to consider his complaint.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED. This court does not have subject matter jurisdiction over Mr. Moorer's claim. The clerk shall enter judgment in accord with this decision.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge