# In the United States Court of Federal Claims

No. 13-67C

(Filed: July 23, 2014)

**(NOT TO BE PUBLISHED)**

FILED
JUL 23 2014
U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                     )
STEPHAN M. MOORER,                   )
                                     )
              Plaintiff,             )
                                     )
       v.                            )
                                     )
UNITED STATES,                       )
                                     )
              Defendant.             )
                                     )
*************************************
```

## ORDER

      On June 12, 2014, plaintiff, Stephan Moorer, filed a Motion for Reconsideration Pursuant to RCFC 60(b)(6). In the motion, Mr. Moorer reiterates and embellishes facts alleged in his original complaint. Those facts pertain to an alleged bond pertinent to criminal proceedings against him in the Superior Court for the District of Columbia in 1999, and his purported deposit with the Treasury of a "secured bond" to discharge his obligations. *See Moorer v. United States*, No. 13-67C, 2013 WL 3038584, at *1 (Fed. Cl. June 19, 2013) (opinion and order granting defendant's motion to dismiss for lack of subject matter jurisdiction). Judgment previously was entered against Mr. Moorer on June 19, 2013, and an appeal filed by Mr. Moorer was dismissed by the United States Court of Appeals for the Federal Circuit upon the grant of Mr. Moorer's motion to voluntarily withdraw his appeal. *See* Order, No. 13-5115 (Fed. Cir. Sept. 10, 2013).

      At this juncture, Mr. Moorer seeks to invoke Rule 60(b)(6) of the Rules of the Court of Federal Claims ("RCFC") to obtain relief from the judgment previously entered. RCFC 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." This "catch-all" provision enables a court to exercise its discretion to do justice in particular cases. *See Mendez v. United States*, No. 11-160C, 2014 WL 2772590, at *4 (Fed. Cl. June 18, 2014) (citing *Compton v. Alton S. S. Co.*, 608 F.2d 96, 106 (4th Cir. 1979), and *Infiniti Info. Solutions, LLC v. United States*, 93 Fed. Cl. 699, 704 (2010)). Courts are limited in their ability to grant motions under this portion of Rule 60(b). To qualify, "(1) the grounds asserted for relief must not be the same as those listed in Rule 60(b)(1)-(5), and (2) there must be a valid reason

1

that justifies according the relief, usually broadly described as 'extraordinary circumstances.'" *Mendez*, 2014 WL 2772590, at *4 (quoting *Infiniti Info. Solutions*, 93 Fed. Cl. at 704 (in turn citing *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002))). In particular, a party may not use RCFC 60(b)(6) as a "do-over" for failing or neglecting to raise issues on appeal. *Infiniti Info. Solutions*, 93 Fed. Cl. at 706 (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2864 (2d ed. 1995)). Mr. Moorer seeks to reopen matters that were previously addressed in the court's opinion and order issued in June 2013, and thus he has shown no basis for relief under RCFC 60(b)(6).

## CONCLUSION

For the reasons stated, Mr. Moorer's motion for relief from the judgment previously entered on June 19, 2013 is DENIED.

It is so **ORDERED**.

Charles F. Lettow
Judge

2